Saul S. Streit, J.
The original complaint containing four causes was dismissed. Each cause was considered upon the basis of the allegations of the first. It was stated as to the first cause that plaintiff relied on the alleged 1 ‘ dissemination by defendant of credit reports containing false, misleading, distorted and derogatory matter maliciously circulated with intent to injure plaintiffs. This cause of action contains elements establishing the existence of a cause of action in libel, although it fails to allege in what respects the reports were false, derogatory, misleading and distorted. Since the complaint does not set forth the false and derogatory matter and show that a cause of action exists sounding in libel in which plaintiffs can recover all their damages, the complaint is patently insufficient either as a cause of action for libel or for a prima facie tort.”
*81 Defendants now move for dismissal of the amended complaint upon the ground it is insufficient and fails to comply with the decision and order dismissing the original complaint. It does not appear from that decision and order that the plaintiff was required to do anything, but was granted leave merely to serve an amended complaint. Actually defendants contend the original and amended complaints are identical, the defects have not been cured, and consequently the amended complaint remains insufficient. It is charged that defendants issued a credit report in December, 1931, and in the amended complaint it is alleged that this was done “ after a thorough, exhaustive and painstaking investigation with respect to all the facts and circumstances prior thereto,” and that the report “fairly reported the following facts and conclusions * * It is then
alleged that reports were issued respectively in September, 1953, October, 1957 and February, 1961 without any additional investigation or information with regard to the identical subject matter subject of the initial report made in December, 1931. Finally, it is alleged with respect to the three later reports as follows: ‘ ‘ Accordingly, defendants wrongfully contrived to place a false, misleading, distorted and derogatory interpretation upon the data in their possession, so as to depict plaintiff, Bennett, as a dishonest and unscrupulous individual when in truth and in fact they knew that plaintiff Bennett was a business man of high integrity, was zealous in keeping his word and agreements and deserving of general confidence and credit and that he was so generally regarded. That there was no justification for the aforesaid unwarranted, misleading, distorted and derogatory revision, whose effect was and is, when the several reports are viewed in their entirety and the identical items in the 1931 report are compared with those of the later reports, to indicate the defendants intended to and are continuing to create an utterly false and unjustifiable impression concerning said plaintiff. That such revision, unsupported by any additional information or investigation was a malicious, willful and wrongful act, calculated to injure, damage and prevent plaintiff, Bennett, and any firm, corporation or enterprise he was connected with from making a livelihood and transacting business.” In the initial report made in December, 1931 it was stated, among other things, favorable to the plaintiff, that
“Records of the Prosecutor’s office and local courts do not disclose any suit ever having been filed against Bennett as the result of alleged fraud or misrepresentation on his part in which the plaintiff substantiated allegations. On the contrary, there are at least two opinions of record by Circuit Court judges which *82 charge the Plaintiffs themselves with fraud and misrepresentations, the court having commended Bennett on his fairness in his dealings.”
“ No instance can be found of a business associate or anyone who have ever invested money with Bennett having sued him or made complaint of fraud, misrepresentation or other wrong dealing. ’ ’
Thus it is charged that upon the initial and identical investigation and facts resulting in favorable report the defendants caused to be issued the additional reports without further investigation or additional facts, contriving “ to place a false, misleading, distorted and derogatory interpretation upon the data in their possession, so as to depict plaintiff, Bennett, as a dishonest and unscrupulous individual when in truth and in fact they knew that plaintiff Bennett was a busihess man of high integrity, was zealous in keeping his word and agreements and deserving of general confidence and credit and that he was so generally regarded.” Consequently the wrongful and varying character of the reports based upon the initial and only investigation are the foundation of the alleged grievance. There is no similarity whatever between the original and amended complaints. The motion is denied.